UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARMON BOND, )
)
      Plaintiff )
)
v. ) CAUSE NO. 3:09-CV-413 RM
)
ERIC BITTRICH and DAN WISNIEWSKI, )
)
      Defendants )

## OPINION AND ORDER

Darmon Bond, a *pro se* prisoner, submitted an amended complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts to state a claim for relief that is plausible on its face and also must state sufficient facts to raise the right to relief above the speculative level. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Id. at 603. In deciding whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

To state a claim under § 1983 a plaintiff must allege that: (1) the defendants deprived him of a federal constitutional right; and (2) the defendants acted under color of state law. Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). Mr. Bond alleges that the defendants, both of whom are officers with the South Bend Police Department, violated his Fourth Amendment rights. He alleges that around 7:00 a.m. on August 7, 2008, he was at home sleeping when he heard a "loud knock" at the front door. (DE 5 at 3.) He dressed and went downstairs, but he didn't see anyone when he looked out the window, so he went back up to his bedroom. He alleges that about 20 minutes later, he heard footsteps coming up the stairs and officers entered his bedroom, advising him that he was under arrest for auto theft. He acknowledges that the officers had an arrest warrant issued by a judicial officer when they entered his home, but nevertheless asserts that his Fourth Amendment rights were violated because the warrant "didn't say it was a warrant to enter my home." (DE 5 at 4.)

An officer with a valid arrest warrant naming a suspect may enter the suspect's residence to make an arrest if there is reason to believe the suspect will be found there. Payton v. New York, 445 U.S. 573, 603 (1980); Russell v. Harms, 397 F.3d 458, 466 (7th Cir.

2005). The face of Mr. Bond's complaint shows that the officers entered Mr. Bond's own residence at about 7:00 a.m. while he was sleeping inside; entering a suspect's home in the early morning hours provides sufficient reason to believe he will be found there. *See* United States v. Thomas, 429 F.3d 282, 286-287 (D.C. Cir. 2005) (making entry at 6:30 a.m. "was reason enough" to believe suspect would be home); United States v. Bervaldi, 226 F.3d 1256, 1267 (11th Cir. 2000) (officers who executed arrest warrant around 6:00 a.m. could presume suspect was at home absent evidence to the contrary about his schedule). Contrary to Mr. Bond's assertions, the arrest warrant didn't have to state expressly that the officers could enter his residence. Mr. Bond hasn't stated a plausible Fourth Amendment claim.

For the foregoing reasons, the court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: November 12, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: D. Bond